IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| NEALY MITCHELL, JR. #1295123 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-792 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Nealy Mitchell, Jr., a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). The State has custody of Petitioner pursuant to a judgment and sentence entered by the 405th District Court of Galveston County, Texas in Cause No. 04-CR-1741-83, on March 30, 2005. (State Records ("S.R") at 28-30). Petitioner was charged by indictment with sexual assault of a child and a prior felony conviction for indecency with a child was alleged for purposes of enhancement. (S.R. at 26-27). Pursuant to a plea agreement, Petitioner pled guilty to sexual assault of a child and received a sentence of fifteen (15) years confinement. (S.R. at 28-30; 34).

No appeal was taken from this conviction. On July 26, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. (S.R. at 1; Fed. Writ Pet. at 3). On January 25, 2006, Petitioner's state writ was denied without written order by the Texas Court of Criminal Appeals ("TCCA"). *Ex parte Mitchell*, Applic. No. WR-62,946-01.

Petitioner filed the instant writ on December 6, 2006.[1]  The grounds Petitioner raises in his federal habeas corpus writ all arise out of his conviction.  Specifically, he alleges: (1) his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure; (2) his conviction was obtained by the use of evidence obtained from an unlawful arrest; (3) he was denied effective assistance of counsel; (4) his plea of guilty was involuntarily because he was under the influence of prescription drugs and did not understand the nature of the plea; and (5) no legally obtained evidence existed to support his plea.  (Fed. Writ. Pet. at 6-8).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, in relevant part, that a prisoner file his federal habeas writ within one year (365 days) after the date on which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  In this case, Petitioner's conviction became final thirty days after the judgment and sentence was entered or on April 30, 2005.  Under Fed.R.Civ.P. 6(a), the limitations period began the next day on May 1, 2005.  *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  When Petitioner filed his state habeas writ on July 26, 2005, this had the effect of tolling the limitations period.  28 U.S.C. § 2244(d)(2).  However, by the time Petitioner filed his state habeas writ, he had used up 86 of his 365 days.  On January 25, 2006, Petitioner's state habeas writ was denied by the TCCA and the AEDPA's limitations period therefore began again the next day.  *Id*.  Another 314 days elapsed before Petitioner filed his federal habeas writ on December 6, 2006.  Petitioner's federal writ, filed 35 days after the expiration of the limitations period, is time barred.  The limitations period can also be equitably tolled under rare and exceptional circumstances

---

[1] This is the date that Petitioner declares he placed the writ in the prison mailing system. Fed. Writ. Pet. at 9.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

(*Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000)), however, Petitioner has shown no reason why equitable tolling should apply in this case. The Court concludes that the instant writ is time-barred by the AEDPA's limitations period.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, it plainly appears from the face of Petitioner's application that he is not entitled to relief in the District Court, and the Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Nealy Mitchell, Jr. (Instrument No. 1) be **DISMISSED as time-barred**. In addition, considering that Petitioner's federal writ is time barred, the Court also **RECOMMENDS** that Petitioner's Petitioner's "Motion for Stay and Abeyance Pursuant to 28 U.S.C. 2254" (Instrument No. 10) be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **April 20, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____2nd_____ day of April, 2007.

John R. Froeschner
United States Magistrate Judge