IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NEALY MITCHELL, JR. #1295123 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-792 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on April 2, 2007. Petitioner has filed his Objections to the Report and Recommendation in a timely manner. Respondent has filed no objections.

In his Objections, Petitioner claims he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) because he was in transit between prisons from April 27, 2006, to May 29, 2006, and his mobility was limited due to a torn Achilles tendon injury from August 23, 2006 to October 4, 2006. Pet'r Obj. at 2.

Subsection (B) of the statute provides that the limitation period shall run from the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such a State action." 28 U.S.C. § 2244(d)(1)(B). The state-created impediment exception requires a prisoner to show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "While section 2244(d)(1)(B) does not define what constitutes an 'impediment' its plain language . . . makes clear

that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The limited case law applying section 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and file habeas petitions by denying access to legal materials. *See, e.g., Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003); *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000). The Supreme Court has also suggested that the provision would apply if a "state court . . . refuse[d] to rule on a constitutional claim that ha[d] been properly presented to it." *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001).

   Nowhere in his Objections does Petitioner claim that he was actively mislead by the state. Furthermore, he does not claim that he was prevented from filing a timely petition because of any access to or inadequacy in the prison library, nor does he claim that he was deprived of his legal materials by prison officials and this prevented him from filing a timely federal petition. The Court is not persuaded that Petitioner has sufficiently shown that his transfer between prison units, an act that is not unconstitutional on its face or alleged to be unconstitutional by Petitioner, was an "impediment" created by the State that prevented him from filing in a timely manner. Furthermore, although alleged, Petitioner has not shown how his Achilles tendon injury even amounts to a State created impediment that would have prevented him from filing a timely petition.

   Notwithstanding that Petitioner has failed to establish statutory tolling under subsection (B), and while not expressly asserted in his Objections, it is evident to this Court that Petitioner may have intended to claim that he is entitled to equitable tolling because he was in transit between prison units from April 27, 2006 to May 29, 2006, and because he was unable to move around for six weeks because of a torn Achilles tendon injury from August 23, 2006 to October 4, 2006. Pet'r Obj. at 2. However, even to the extent asserted, the circumstances alleged simply do not warrant equitable

tolling. Petitioner bears the burden of proof to establish that he is entitled to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002). Here, however, Petitioner provides no proof of his allegations. Moreover, even assuming the validity of his allegation, equitable tolling is warranted only when "extraordinary circumstances beyond a prisoner's control makes it impossible to file the petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). "Extraordinary circumstances exists when . . . wrongful conduct prevents a prisoner from filing" and has been applied, for example, where the prison library was inadequate (*Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)); where the prisoner was denied access to his files (*Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002); and where an attorney's egregious misconduct prevented timely filing. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). Petitioner does not, however, contend any wrongful conduct on the part of the State or prison official regarding either his transfer or his Achilles injury. Transfers between prison units are common problems among inmates who are trying to pursue post-conviction habeas relief and the Court observes that, even after this alleged transfer, Petitioner still had approximately five or six months to file his federal petition. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). The Court finds nothing in the circumstances described to be the "rare and exceptional circumstances which would warrant equitable tolling" and finds no evidence of due diligence on the part of Petitioner after the Texas Court of Criminal Appeals denied his state habeas writ on January 25, 2006, after he was transferred between prisons in May 2006, or even after he claims his Achilles injury resolved on October 4, 2006. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Court concludes that Petitioner's federal habeas corpus writ, filed on December 6, 2006, was untimely and, as such, is time-barred by the AEDPA's limitations period.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that Petitioner's Objections are without merit and that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

Accordingly, it is **ORDERED** that Petitioner's "Motion for Stay and Abeyance Pursuant to 28 U.S.C. 2254" (Instrument No. 10) is **DENIED** and that the Petition for a Writ of Habeas Corpus of Nealy Mitchell, Jr. (Instrument No. 1) is **DISMISSED** as time-barred.

**DONE** at Galveston, Texas this 14th day of May, 2007.

_____
Samuel B. Kent
United States District Judge